**DE SHENG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–4752–ag.

United States Court of Appeals, Second Circuit.

May 8, 2006.

Kimberly Ellis, New York, New York, for Petitioner.

Thomas A. Marino, United States Attorney, Middle District of Pennsylvania; Lorna N. Graham, Assistant United States Attorney, Scranton, Pennsylvania, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

De Sheng Chen, through counsel, petitions for review of the BIA order denying his motion to reconsider the BIA's April 2005 decision affirming Immigration Judge ("IJ") Paul A. De Fonzo's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA denies a motion to reconsider, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Chen's request for reconsideration because it provided a clear rationale for denying the motion. The BIA properly referenced the IJ's decision, and pointed to specific IJ findings to counter Chen's argument that the IJ's adverse credibility determination was in error. Additionally, the BIA found that Chen had not identified any mistake of fact or law to support his motion. Thus, the BIA properly declined to reconsider its April 2005 decision, and provided adequate reasoning for doing so. *See Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao,* 265 F.3d at 90.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).